## Foley v. Foley

*Richard A. Leuthold,* for plaintiff.
*Mark Ristan,* for defendant.

WOLFE, *P.J.,* March 19, 1981—This is a case of first impression before this court. The action is in divorce under the Divorce Code of April 2, 1980, P.L. 63, 23 P.S. §201(d), pursuant to section 201(d) providing as a ground for divorce if the parties have lived separate and apart for a period of at least three years and the marriage is irretrievably broken and respondent either does not deny the allegations or if denied and subsequent to a court hearing the court determines the parties have lived separate and apart for a period of at least three years and the marriage is irretrievably broken.

Here, plaintiff testified the parties have lived separate and apart for a period of over four years and have not in any manner cohabited since their separation. He testified marital counseling would not be helpful; indeed, he stated he has not attempted counseling and would not accept coun-

seling even if court ordered. His reason for this intransigent position is that it's too late in that the marriage has broken down over an extended period of years. He admitted he was involved other than platonically with another woman prior to the parties' separation. He acknowledged defendant asked him to return and he refuses. He stated his wife had a boyfriend and at one time he came home and someone was in his bed.

For defendant's part she did not deny plaintiff's testimony. She stated there was no dispute of difference (in the parties' relations on her part) and she was willing to accept plaintiff back as her husband and was of the opinion counseling would be positive resulting in a possible reconciliation. She stated she still loves her husband and does not want the divorce. She did admit since she demanded counseling since October, 1980 she has not done so.

Defendant advances in argument that the court should deny the divorce and order counseling pursuant to section 201(2) and section 202. This argument is founded in the reasoning that if one spouse desires the counseling the court should at least attempt to provide the counseling structure to rehabilitate the marriage if at all possible.

We cannot agree with this narrow approach. A fair reading of section 201(2) leaves it to the court's determination if there is a reasonable prospect of reconciliation. If so, the court must continue the case and direct counseling for at least 90 days and thereafter if one of the parties states under oath that the marriage is irretrievably broken again, the court shall determine if the marriage is in such a recalcitrant position and if so grant the divorce.

Considering the testimony and attitude of plaintiff we cannot fairly conclude counseling would be profitable. There is no inference in plaintiff's testimony that he has in any way been regretful of the

breach of the marriage and that there is any incli-
nation on his part to cultivate a reconciliation. In
our opinion a separation of upward of four years
without any progress towards reunion it is not
realistic to assume an ordered examination before a
counselor would succeed if both parties do not in
some minimal manner indicate they are willing to
openly and objectively accept an appraisal of their
position. The law cannot supply the missing ele-
ments of respect, companionship and love.

For these reasons we enter the following

## ORDER

And now, March 19, 1981, the court does order,
adjudge and decree Thomas R. Foley, plaintiff be
divorced and separated from the bonds of mat-
rimony contracted with Ann P. Foley, defendant,
and that all and every the duties, rights and claims
accruing to either of the said parties by reason of the
said marriage shall hereafter cease and determine,
and the said parties be severally at liberty to marry
again in like manner, as if they had never been
married.

In the event the parties are unable to resolve their
property and support issues upon application to the
court a master shall be appointed to hear and de-
termine and make recommendation to the court.